# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

CHRISTOPHER ROY HOFFMAN
    Plaintiff

V.

COLLETTE PETERS, "JANE DOE,"
"JOHN DOE", "JOHN BROWN,"
"JOHN DOE", "JOHN DOE,"
"JOHN DOE".
    DEFENDANTS

FILED 21 AUG '18 10:27 USDC-ORP

Case No. 2:18cv01538-HZ

HON.

CIVIL COMPLAINT WITH JURY DEMAND

## I. INTRODUCTION

This is a civil complaint filed by Christopher Roy Hoffman, a state prisoner, for damages, declatory judgement and injunctive relief under 42 U.S.C §1983 alleging that EOCI officials don't turn off the ventillation system in D.S.U cells during the use of chemical agents, failed to open a door for fresh outside air or bring a fan on unit to air out, failed to have HAZMAT crew clean up the chemical agents untill 11 hours later in which caused the toxic fumes to be spread through cells by the vent and plaintiff alleges that after he complained to DSU staff that the toxic fumes had overwhelmed his cell and caused burning and itching and severe burning of the lungs the officials ignored and denied his requests to decontaminate by failing to provide plaintiff a shower, wet towel, fresh air, and new bedding and sheets.

Plaintiff further alleges that the policies in place are deficient to protect innocent bystanders from exposure, There is no policy in place to shut off the ventillation system, use a fan to air out unit and/or open door for outside air, No policy is in place to get HAZMAT to clean in a reasonable time, Provide new bedding and There is no policy in place to Provide showers for innocent bystanders who have been contaminated or for anyone suffering a secondary exposure and these policies not being in place is the moving force of the constitutional violation. Plaintiff also alleges that the Supervisors training is inadequate in the use of chemical agents and is a moving force to a constitutional violation. Plaintiff alleges that the EOCI Officials were diliberately indifferant to his serious medical needs to decontaminate from chemical agents harmful effects when they denied him an oppertunity to decontaminate within a reasonable period of time Thus violating his Eighth Amendment to the U.S. Constitutional rights under the cruel and unusual punishment standards which the Eighth Amendment forbids.

## II. JURISDICTION

A. This Court has Jurisdiction over Plaintiffs Claim of violation of federal Constitutional rights under 42 U.S.C. §§ 1331 (1) and 1343.

Page 2 of 14     CIVIL COMPLAINT

# III. PARTIES

A. Name of Plaintiff: Christopher Roy Hoffman

Security ID No: 19500469

Address: 2500 Westgate, Pendleton, OR 97801

B. Defendant Collette Peters is the director of Oregon Department of Corrections (O.D.O.C.) and is in charge of the supervision and training of all Correctional Officials at Eastern Oregon Correctional Institution (EOCI). For monetary damages she is sued in her individual capacity. For injunctive relief purposes she is sued in her official capacity.

Defendant "Jane Doe" is the Superintendant at EOCI. She is sued in her individual capacity.

Defendant "John Doe" is the Assistant Superintendant at EOCI. He is sued in his individual capacity.

Defendant "John Brown" is the Correctional Sergeant in disciplinary housing unit (D.S.U) at the time of incident addressed herein. He is sued in his individual capacity.

Defendants "John Doe" "John Doe" and "John Doe" are all Correctional Officers who worked DSU at the time of incident addressed herein. They are all sued in their individual capacity.

Page 3 of 14    CIVIL COMPLAINT

# IV. FACTUAL STATEMENT

On the date of 3-10-18 at approx 9-10:00 pm an EOCI sert team put on riot gear and gas masks to conduct a "cell extraction". The officials administered 5 to 6 huge 5-6 second bursts of chemical agent out of an industrial size canister that looked like a mini fire extinguisher. The officials were recording with a camcorder and Plaintiffs cell was right across the hallway from the cell extraction and Plaintiff was yelling to shut off the air vents in the cell because it was instantly blowing fumes into the cell. Plaintiff as well as a bunch of other inmates were complaining.

The spray was very potent and caused Plaintiff extream discomfort, horrible burning of the skin and the fumes were so toxic that Plaintiff was instantly chocking and gagging and gasping for breath.

The vents were never turned off at all. Plaintiff as well as other inmates were banging on doors and yelling to shut them off but all of our complaints were ignored. There is a switch rite outside Plaintiffs cell with red tape on it that says "air shutoff" but the switch was never used by officials.

Between 10-12:00 Defendants Doe, Doe, and Doe came on the tier to do their walk and they were choking and gagging and hurrying to get off the tier.

Page 4 of 14 CIVIL COMPLAINT

Plaintiff as well as other inmates were banging and yelling about the vents and showers and the officials failed to stop and listen to anyone.

Sometime between 10-12:00 defendant brown conducted a walk on the tier in which he was choking and gagging also. Plaintiff complained through his door about the vents and wanting a shower and that his cell was full of toxic fumes. Plaintiff tryed to talk to defendant brown to inform him that he has severe allergies and he needed to be removed from the imediate area, but defendant brown did not even stop and hear plaintiffs requests. Plaintiff as well as other inmates were yelling to defendant Brown for showers and defendant brown said "let me go talk to the lieutenant" but never returned.

No damp towels were given, No doors were opened for fresh air and no new clothing, bedding or sheets were given.

HAZMAT was brought to clean up the chemical agent approx 11 hours later after breakfast the next morning. Thus causing the fumes to be spread all night long.

Plaintiff wrote a kyte to medical the next morning explaining what happened and that he was suffering severe side effects of OC spray and was in pain and had been telling staff and was ignored and asked medical to intervene. Medical replyed

Page 5 of 14   CIVIL COMPLAINT

Stating that common side effects from pepper spray are "Coughing, Nasal/Sinus discharge and painful burning of skin" Then said these side effects are Tempoary. No Shower was Provided.

On the morning of 3-11-18 Plaintiff signed up for sick call complaining of burning and itching and a very sore throat from the fumes. Medical documented Plaintiffs concerns. The Sergeant working 3-11-18 about 30 minutes after sick call escorted Plaintiff and several other inmates who were complaining of the same things outside for approx 45 minutes of fresh air.

Plaintiff was given a shower approx 20 hours later when they conduct regular DSU Showers.

On 3-11-18 Plaintiff filed grievance # EOCI 2018-03-057 Complaining of all the above mentioned facts. In their response they did not address any of Plaintiffs complaints specifically, they just provided a vague reply stating they investigated and found that inmates who complain of OC/CS spray side effects are evaluated for treatment.

Plaintiff filed ~~~~ both appeals to said grievance stating that nobody evaluated any inmate until sick call the next morning, Plaintiff requested them to provide names of officials who evaluated Plaintiff for treatment and what treatment was provided. The appeal responses vague as well just concurring with the first response.

Page 6 of 14         CIVIL COMPLAINT

At the time of said incident addressed herein there is no official rules or policy in place governed by OAR to: Shut vents off during use of OC spray, open door for outside air and/or use fan to air unit out, No OAR in place to provide showers for innocent bystanders who have been effected/contaminated by OC spray, No OAR to have HAZMAT clean within a reasonable time, and No rule to give out new bedding.

No staff at anytime after said incident attempted to go cell to cell and check for injuries and no nurse was brought on the unit until the next day after breakfast.

Plaintiff filed grievance # ~~[redacted]~~ EOCI-2018-03-118 on supervisor officials for innadequate trainning and supervision in the use of chemical agent and that there are none of the above mentioned OAR are in place and without them an injury will always be inflicted on innocent bystanders. Their reply was vague not addressing Plaintiffs concerns at all, They admited that vents are not shut off and thanked Plaintiff for his ideas and say that OC spray is used in accordance with the current OARS. Plaintiff filed both appeals to no avail.

Page 7 of 14   CIVIL COMPLAINT

# V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff has exhausted his administrative remedies with respect to the claims addressed herein.

# VI. CLAIMS FOR RELIEF

A. Constitutional Violations:

(1) All defendants actions and/or failure to act in regards to denying Plaintiff a reasonable oppertunity to be decontaminated within a reasonable time from chemical agents, not shutting vents off, not having HAZMAT clean for 11 hours, not opening door for outside air and/or use a fan to air out unit, not passout wet towels or new bedding and not having any policy in place for any of the above or showers for innocent bystanders who are effected by OC Spray, the officials failed to apply any administrative rules, correctional institutional policy and state law which was malicious, sadistic, intentional, diliberate, reckless and calleous as to demonstrate or substantial lack of concern for whether an injury took place and the acts and/or admissions were the direct and proximate cause to Plaintiffs injuries in violation of the Eighth Amendment to the U.S. Constitution. Plaintiff pleads and establishes the following factors addressed

Throughout This Complaint,

(a) all defendants actions and/or failure To act failed To apply any administrative rules, Correctional institutional Policy and State law To chemical agent use by failing To Turn vents OFF, failing To get HAZMAT To Clean Sooner Then 11 hours, denying Plaintiff an oppertunity to decontaminate within a reasonable Time, Not Passing out wet Towels or bedding, and Not Opening door for outside air and/or Use Fan;

(b) all defendants actions and/or failure To act failed To have OAR's in place To Protect The Safety and welfare of innocent bystanders from being Contaminated during The Use of Chemical agents;

(C) all defendants actions and/or failure To act were done maliciously and Sadistically Constituting intentional, diliberate, reckless and Calleous indifference under The Cruel and Unusual Punishment Standards Since it Caused Unnecessary and wanton infliction of Pain;

(d) all defendants actions and/or failure To act was The direct and proximate cause of The injury and Consequent damage To The Plaintiff; and

(e) all defendants acted Under Color of law in Their Capacity as Public officials.

B. Supervisory liability

Page 9 of 14 CIVIL COMPLAINT

(1) Defendant Peters is liable for defendants: Doe, Doe, Brown, Doe, Doe and Doe conduct against Plaintiff for the following factors in accordance with administrative rules, correctional institutional policy and U.S. constitutional law and all other factors addressed throughout this complaint;

(a) Defendant Peters is the director of O.D.O.C which she supervises and trains correctional public officials in all prisons and correctional institutions in Oregon;

(b) Defendant Peters correctional public officials such as above listed defendants have a history of the violations addressed in Article VI Section A, in this complaint;

(c) Defendant Peters failed to adequately supervise, review and/or discipline her correctional public officials when she knew and/or should of known were violating prisoners' rights and subject prisons as addressed in Article VI Section A in this complaint, thereby permitting and/or encouraging her correctional public officials to engage in this unlawful conduct;

(d) Defendant Peters failed to have OAR's/policies and procedures in effect such as the above mentioned to prevent innocent bystanders from suffering OC sprays harmful effects;

(e) Defendant Peters failed to adequately train and/or supervise her Correctional Public Officials in the proper Policies, Procedures and overall other Prisons to the Violations addressed in Article VI Section A in this Complaint;

(f) Defendant Peters failed to adequately train and/or supervise her Correctional Public Officials in the proper Policies, Procedures and administrative rules to the Claims addressed in Article VI Section A in this Complaint;

(g) Defendant Peters acted under the color of law in her capacity as a Correctional Public Official;

(h) Defendant Peters' acts and/or failure to act was the direct and proximate cause of the injury and consequent damage to the Plaintiff; and

(i) Defendant Peters intentionally promoted and facilitated the commission of Defendants: Doe, Doe, Brown, Doe, Doe, and Doe' conduct by failing to make an effort within her legal duty to prevent the commission of their violations addressed in Article VI Section A, in this Complaint, thereby permitting and/or encouraging the Public Officials to engage in these violations.

Page 11 of 14   CIVIL COMPLAINT

2). Defendant Doe is liable for ~~these~~ defendants: Doe, Brown, Doe, Doe, and Doe' Conduct against Plaintiff for the following factors in accordance with administrative rules, Correctional institutional policy and U.S. Constitutional law and all other factors addressed ~~throughout~~ Throughout this Complaint;

(a) Defendant Doe is the Superintendant of EOCI in which she supervises public officials at EOCI; and

(b) Plaintiff asserts claims addressed in Article VI, Section B, Subsection (1)(b) to (i) in this Complaint in a manner in accordance with this Claim.

3). Defendant Doe is liable for defendants: Brown, Doe, Doe, and Doe' Conduct against Plaintiff for the following factors in accordance with Administrative rules, Correctional institutional Policy and U.S. Constitutional law and all other factors addressed Throughout this Complaint;

(a) Defendant Doe is the assistant Superintendant and is in charge of the supervision of EOCI Correctional officials; and

(b) Plaintiff asserts claims addressed in Article VI Section B, Subsection (1)(b) to (i) in this Complaint in a manner in accordance with this Claim.

Page 12 of 14 CIVIL COMPLAINT

4). Defendant Brown is liable for defendants: Doe, Doe, and Doe' conduct against Plaintiff for the following factors in accordance with administrative rules, correctional institutional policy and U.S. constitutional law and all other factors addressed throughout this complaint;

(a) Defendant Brown is the Correctional Sergeant in S.H.U and is in charge of the supervision of S.H.U Correctional Officers; and

(b) Plaintiff asserts claims addressed in Article VI Section B, Subsection (1)(b) to (i) in this complaint in a manner in accordance with this claim.

# VII. RELIEF REQUESTED

WHEREFORE, Plaintiff requests the court grant the following relief:

A. Issue a declatory Judgement stating that:

(1) all defendants actions and/or failure to act described herein violated the Eighth Amendment to the U.S Constitution;

B). grant injunctive relief ordering defendant Peters or her agents to Amend OAR to turn vents off, get HAZMAT to clean sooner, open outside air and/or use fan, provide showers for innocent bystanders who are effected and to give out new bedding.

Page 13 OF 14    CIVIL COMPLAINT

C). Award Compensatory Damages in the amount of 40,000.00 both severally and jointly against all defendants for Pain and Suffering, Sleep deprevation, Shock, anxiety, Physical discomfort, inconvienances, emotional distress, mental suffering, Shame and humiliation.

D). Award Punitive damages in the Amount of 80,000.00 both severally and jointly against all defendants for Pain and Suffering, Sleep deprevation, Shock, anxiety, Physical discomfort, inconvienances, emotional distress, mental Suffering, Shame and humiliation.

"I HEREBY DECLARE THAT THE ABOVE FACTUAL STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY."

Respectfully Submitted

DATED: 08-13-2018

Christopher Roy Hoffman

Plaintiff in Prose

# CERTIFICATE OF SERVICE

I certify that I am incarcerated at the Eastern Oregon Correctional Institution by the Oregon Department of Corrections, and on this __13__ day __August__, 20__18__, I served a true copy of this __CIVIL COMPLAINT WITH JURY DEMAND__ by placing it in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

United States District Court
Clerk of Court
1000 SW 3rd Ave
Portland, OR 97204
(U.S. Mail)

(U.S. Mail)

(U.S. Mail)

(U.S. Mail)

Respectfully

Christopher Hoffman
SID# 19500469
~~Eastern Oregon Correctional Institute~~
~~2500 Westgate~~
~~Pendleton, OR 97801~~
Oregon State Penitentiary
2605 State Street
Salem OR, 97310